UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY M. FOGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-39 NAB |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Kimberly M. Fogle's appeal regarding the

denial of disability insurance benefits under the Social Security Act.  The parties have consented

to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[Doc. 10.]  The Court has reviewed the parties' briefs and the entire administrative record,

including the transcript and medical evidence.  Based on the following, the Court will affirm the

Commissioner's decision.

**I.      Issues for Review**

Plaintiff asserts three errors on review.  First, Fogle states that the administrative law judge

("ALJ") erred by excluding from the record and failing to consider prior-file evidence in evaluating

her claim.  Second, she asserts that the ALJ selectively highlighted evidence that supported the

ALJ's conclusion and ignored evidence that conflicted with the ALJ's decision.  Finally, Fogle

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security.  Andrew M. Saul became the Commissioner of Social Security on June 4, 2019.  When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party.  Fed. R. Civ. P. 25(d).  Later proceedings should be in the substituted party's name and the Court may order substitution at any time.  *Id.*  The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

states that the ALJ's essential element in the RFC finding is not supported by substantial evidence. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II.    Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

Fogle's last date of eligibility for disability insurance benefits was September 30, 2018. Because Fogle's last date insured is September 30, 2018, Fogle has the burden to show that she had a disabling impairment before her insured status expired for disability insurance benefits.  *See Barnett v. Shalala*, 996 F.2d 1221 (8th Cir. 1993) (*citing Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984)).  "When an individual is no longer insured for Title II disability purposes, [the Court] will only consider her medical condition as of the date [she] was last insured." *Davidson v. Astrue,* 501 F.3d 987, 989 (8th Cir. 2007).  "Evidence from outside the insured period can be used in helping to elucidate a medical condition during the time for which benefits may be rewarded." *Cox*, 471 F.3d at 907.  But, the evidence from outside the period cannot serve as the only support for the disability claim.  *Id.*

## III.    Discussion

### A.    Procedural Background

Fogle previously filed an application for disability insurance benefits on December 18, 2012.  That application was denied by an ALJ on November 20, 2014.  Plaintiff's request for Appeals Council review was denied on March 24, 2016.  Fogle then filed the current application for disability insurance benefits, alleging a disability onset date of November 21, 2014.  After the initial denial of her claim, Fogle requested an administrative hearing before an ALJ.  On May 18, 2018, the administrative hearing was held.  The ALJ subsequently found that Fogle had not been under a disability from November 21, 2014 through the date of the decision on September 20, 2018.  (Tr. 10-23.)  Fogle requested review of the ALJ's decision and the Appeals Council rejected that request on March 29, 2019.  (Tr. 1-6.)  Plaintiff filed her appeal in this Court on May 16, 2019.

**B.     ALJ's Review of Medical Records**

Fogle asserts that the ALJ improperly failed to include and consider evidence from her prior social security disability application in the record in this case.  In his opinion, the ALJ noted that Fogle's attorney objected to the inclusion of the previous ALJ's decision denying benefits through November 20, 2014 without including the prior file.  Fogle's attorney requested inclusion of the entire file.  The ALJ wrote that because Fogle had not requested re-opening the prior file and her alleged onset date was one day after the previous decision, the objection would be overruled.  (Tr. 10.)  The medical records in the administrative record in this case begin in September 2014.

The ALJ is required to develop a complete medical history for the claimant for at least the twelve months preceding the month in which the claimant's application was filed before making a determination unless there is a reason to believe that development of an earlier period is necessary or unless the claimant says that her disability began less than 12 months before she filed her application.  20 C.F.R. § 404.1512(d)[2].  A complete medical history includes the records of the claimant's medical source covering at least the 12 months preceding the month in which the application is filed.  20 C.F.R. § 404.1512(d)(2)[3].  If applicable, the SSA develops a complete medical history for the 12–month period prior to the month the claimant was last insured for disability insurance benefits.  20 C.F.R. § 404.1512(d)(2).  "While evidence submitted and considered by an ALJ in a prior proceeding cannot be considered as new evidence in this proceeding, it can be considered as 'background for new and additional evidence of deteriorating

---

[2] Several Social Security regulations were changed effective March 27, 2017.  The Court will use the regulations effective at the time that this claim was filed in 2016.  The current version, which is the same, is now codified at 20 C.F.R. § 404.1512(b)(1).

[3]The current version of this regulation, which is the same, is now codified at 20 C.F.R. § 404.1512(b)(1)(ii).

mental or physical conditions occurring after the prior proceeding.'"  *Mabry v. Colvin*, 815 F.3d

386, 390, n. 4 (8th Cir. 2016) (citing *Hillier v. Soc. Sec. Admin.,* 486 F.3d 359, 365 (8th Cir.2007)

(quotation omitted)).

It is well established that an ALJ can consider prior file evidence when evaluating an open

disability claim.  *See Burks-Marshall v. Shalala*, 7 F.3d 1346, 1348 n.6 (8th Cir. 1993) ("Evidence

from the record of a prior claim may be relevant to a claim of disability with a later onset date.").

Prior evidence from the administrative record in denied claims has been used to both discount and

support pending disability claims.  *See e.g.*, *Pirtle v. Astrue*, 479 F.3d 931, 934 (8th Cir. 2007)

(court rejects plaintiff's contention that ALJ should not consider evidence from prior file, because

it predates alleged onset date), *Vandeboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (court

rejects plaintiff's assertion that ALJ could not consider medical opinions from prior file showing

normal cognitive functioning even though they were dated before the alleged onset date),

*Kriebaum v. Astrue*, 280 Fed. Appx. 555, 558 n. 4 (2008) (court rejects plaintiff's assertion that

ALJ should not use medical records before alleged onset date), *Kemmet v. Berryhill*, 1:16-CV-34

PLC, 2017 WL 3642028 at *7-10 (E.D. Mo. Aug. 24, 2017) (case remanded because ALJ erred

by failing to consider doctor's opinions in the record that were dated 2 years prior to alleged onset

date), *Western v. Berryhill*, 1:16-CV-48 JAR, 2017 WL 1407118 at *3-4 (E.D. Mo. Apr. 20, 2017)

(court remands case because ALJ failed to consider opinion evidence in the record dated before

the alleged onset date).

In this case, unlike the other cases cited above, the evidence from the prior record was not

included in the record in this case.  Fogle has not identified what records in the prior file should

have been considered by the ALJ.  Also, the record does not indicate that Fogle indicated to the

ALJ what specific evidence she wanted for inclusion into the administrative record in this case and

how that evidence was relevant to this case.  Fogle has failed to demonstrate how these unspecified materials would change the decision on her current claim.  *See McMurty v. Astrue*, 749 F.Supp.2d 875, 880 (E.D. Wis. 2010) (court rejects plaintiff's allegation of error where plaintiff does not specify the prior file evidence that should have been considered by the ALJ or how it would affect her current claim).  Therefore, the Court finds that Fogle has not shown that the ALJ erred in not including her prior file evidence in the administrative record for this action.

### C.      Activities of Daily Living

Next, Fogle contends that the ALJ cherry-picked evidence when discussing her testimony and activities of daily living.

In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence.  *Id.*  The ALJ, however, "need not explicitly discuss each *Polaski* factor."  *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).  The ALJ need only acknowledge and consider those factors.  *Id.*  Although credibility determinations are primarily for the ALJ and not the court,

the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988). "While the extent of daily living activities does not alone show an ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility." *Walker v. Colvin*, 124 F.Supp.3d 918, 936 (E.D. Mo. 2015).

Fogle specifically focuses on the ALJ's assessment that she had moderate limitations in understanding, remembering, or applying information; maintaining concentration, persistence, and pace, and interacting with others. Fogle also disputes the ALJ's finding that she had mild limitations in adapting or managing oneself. The ALJ could consider Fogle's activities that indicated a greater level of activity and the effectiveness of Fogle's medication in considering her subjective complaints. *See Wildman v. Astrue,* 596 F.3d 959, 965 (2010) (an impairment controlled by treatment or medication cannot be considered disabling). For example, Fogle claimed to have difficulty with concentration and attention, but she testified to her ability to pay bills on time, manage her medication, and drive without assistance. All of the doctors who evaluated her noted that she would not need assistance managing her benefits. She also was her husband's primary caretaker before he died. Fogle is able to take care of her personal needs without assistance. The ALJ cited to evidence that supported Fogle's claims including her testimony regarding disabling pain and Dr. Prough's recitation of her subjective complaints. The ALJ did not rely on any one factor to assess Fogle's subjective complaints; therefore, the Court finds that the ALJ did not err in consideration of her subjective complaints or activities of daily living.

### D.    RFC Determination

Finally, Fogle asserts that the ALJ erred in the RFC determination. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical

abilities and mental impairments.  20 C.F.R. § 404.1545(a).  The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[4]  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217.  An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record.  *See Cox*, 471 F.3d at 907.

In the RFC determination, the ALJ found that Fogle was limited to sedentary work, except that she required a sit/stand option allowing a change in position every 30 to 60 minutes for a few minutes at a time while remaining at the workstation with no loss in production.  (Tr. 15.)  The ALJ also found that Fogle is able to occasionally push and pull with the bilateral upper extremities; never use foot controls with the bilateral lower extremities; never climb ladders, ropes, or scaffolds; and never kneel or crawl.  The ALJ determined that Fogle can occasionally climb ramps or stairs, balance, stoop, and crouch.  The additional physical limitations included avoiding exposure to unshielded moving mechanical parts and unprotected heights, no use of hazardous machinery, and no driving of motor vehicles as part of the work function.  The ALJ then found that Fogle was able to remember, understand, and carry out simple and routine instructions and tasks consistent with SVP levels one and two type jobs.  Her non-exertional limitations also included no interaction with the general public, occasional interaction with co-workers, but no tandem tasks; occasional interaction with supervisors, with the exception of the initial 30 days to allow her to be trained in performing SVP levels one and two type jobs.

---

[4] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.  SSR 96-8p, 1996 WL 374184, at *1.

8

SVP is the acronym for "specific vocational preparation time;" *i.e.*, how long it generally takes to learn a job. *See Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998).  SVP Level 1 preparation time is a short demonstration and SVP level 2 is anything beyond a short demonstration up to and including 1 month.  *See* Dictionary of Occupational Titles- Appendix C, 1991 WL 688702 (4th ed. rev. 1991).

Plaintiff contends that the ALJ erred because the ALJ's determination that she could have occasional interaction with supervisors, with the exception of the initial 30 days to allow her to be trained is not supported by substantial evidence.  The vocational expert testified as follows:

> Well, this is my professional opinion.  In that initial training phase, when an individual's got a new job and is starting new work, there's going to be approximately up to 30 days of training involved, and at that point, up to that point, they're going to have more than occasional contact with their supervisor.  That supervisor's going to train them in their new job and will likely have more than occasional contact with that individual.  I believe after that training period, it would be very reasonably be an occasional contact, but up until then, while that individual's training, they're going to have more than occasional contact with the supervisors, so I would have to say there'd be no work.

(Tr. 96-97.)  The ALJ then asked the vocational expert whether there would be work for a claimant who was limited to occasional interaction with the supervisor if the claimant were able to work with the supervisor more than occasionally during training lasting up to 30 days.  The vocational expert testified there would be work available at the previously mentioned jobs of patcher, eyeglass frames polisher, and table worker.  (Tr. 95-97.)  These jobs are classified as SVP level 2.  Plaintiff contends that substantial evidence does not support the ALJ's assertion that Fogle can work for 30 days with more than occasional contact with her supervisor.

Upon a review of the record, the Court finds that the ALJ's finding regarding interaction with supervisors during training is supported by substantial evidence.  Fogle testified that

interactions with people make her angry and she is anxious in big crowds.  (Tr. 74-77, 80-81, 86-87.)  Fogle testified that in addition to her back problems, she had trouble with being insubordinate with her supervisors before she stopped working.  (Tr. 74-75.)  The ALJ noted Fogle's testimony that she was not able to concentrate and her anger outbursts at work, but noted that most of the objective medical evidence conflicts with these claims.  The ALJ noted that Fogle's conditions remained stable with normal mental health findings during the relevant time period.  The ALJ also noted that the opinions from the consultative psychological examiners and her treating doctor's treatment notes do not support the severe social limitations she has alleged.  None of Fogle's providers' treatment notes indicate any problem with her interacting with others and she testified that her neighbor's son comes and goes from her house at will.  Further, the SVP level two jobs could range from a short demonstration up to 30 days of training.  The Court finds that the ALJ did not err in formulating the RFC determination.

## IV.    Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole.  As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable mind would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014).  The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently.  *Id.*  Substantial evidence supports the Commissioner's final decision.

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 14, 18.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of November, 2020.